IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-cv-00139-BO

| | |
|---|---|
| Bertha Manley, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| Kilolo Kijakazi, ) | |
| *Acting Commissioner of Social Security* ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 16, DE 19]. A hearing on the matters was held before the undersigned on September 14, 2022, at 2:00 pm via video conference in Elizabeth City, North Carolina. For the following reasons, plaintiff's motion for judgment on the pleadings is DENIED, and defendant's motion is GRANTED.

## BACKGROUND

On June 3, 2019, plaintiff protectively filed an application for a period of disability and disability insurance benefits, alleging an onset date of January 11, 2019. Plaintiff's applications were initially denied on August 23, 2019 and again later, upon reconsideration on September 30, 2019. Plaintiff appealed and had a hearing before Administrative Law Judge ("ALJ") Mason Hogan on April 28, 2020. On May 7, 2020 the ALJ issued an unfavorable decision and found that plaintiff was not disabled. Plaintiff requested review of this decision and, on January 26. 2021, the Appeals Council denied plaintiff's request for review and the denial became the final decision of the Commissioner.

At the time of plaintiff's hearing, plaintiff was 5'3" and weighed 370 pounds. She reports severe pain in her knees and back. Plaintiff previously worked as a scaler packer and as a supervisor in the production of cured meats.

DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step

five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the Administrative Law Judge (ALJ) found that plaintiff had not engaged in substantial gainful activity since the date that her application was filed. At step two, the ALJ found that plaintiff had the following severe impairments: morbid obesity, degenerative disc disease, lumbar spine, degenerative joint disease, popliteal cyst, and injuries to both knees. At step three, the ALJ found that plaintiff's impairments did not meet or equal a Listing either alone or in combination. The ALJ found that plaintiff had an RFC to perform light work subject to limitations. At step four, since Manley's previous job was "medium work," the ALJ found that Manley could not return to her previous job. But at step five, the ALJ determined that considering plaintiff's age, education, work experience, and RFC, plaintiff could find other employment in the national economy. Therefore, the ALJ found Manley was not "disabled."

3

Plaintiff argues that the ALJ's RFC finding of light work is unsupported by substantial evidence because the ALJ inappropriately weighed the treating physician's medical opinion and insufficiently developed the record. Plaintiff also argues that the ALJ misconstrued Manley's testimony regarding her earnings in the fourth quarter of 2019. Upon review of the record and the ALJ's decision, the Court determines that the ALJ applied the correct legal standard, and the decision is supported by substantial evidence. Therefore, the ALJ's decision is affirmed.

## I.     The ALJ appropriately weighed Dr. Abel's and PA-C Davis's opinions

"In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). This Court's review asks whether the record contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotations omitted).

The issue is whether the ALJ had sufficient evidence to find that Manley had an RFC to perform light work. Here, the medical evidence was conflicting. Dr. Goo and Dr. Gallis gave opinions consistent with finding plaintiff had an RFC to perform light work. Tr. 89, 100. Dr. Abel and PA-C Davis gave opinions consistent with finding plaintiff had an RFC to perform sedentary work. Tr. 433 (Dr. Abel's opinion); tr. 456 (PA-C Davis's opinion); tr. 461 (PA-C Davis's October 2019 notes). Plaintiff argues the ALJ failed to appropriately weigh Dr. Abel's and PA-C Davis's medical opinions. This Court does not agree. The ALJ appropriately (1) disregarded the portions that amounted to an opinion of the ultimate issue and (2) discounted the remaining opinions as unsupported and inconsistent.

4

### 1) The ALJ appropriately disregarded the opinions of ultimate issue

General statements by a medical source that a claimant is "disabled" or "unable to work" are not determinative of disability. 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1). Dr. Abel stated that Manley "is completely disabled at this time. She will not be able to return to work. She will need long term disability." Tr. 433. PA-C FDavis opined that Manley was "disabled due to her back pain." Tr. 456. Plaintiff concedes that opinions addressed a question reserved for the ALJ. DE 17 at 10. Therefore, the ALJ appropriately categorized those statements as "inherently neither valuable nor persuasive." Tr. 40 (citing 20 CFR 404.1520b(c)).

### 2) The ALJ appropriately discounted PA-C Davis as unsupported and inconsistent

PA-C Davis stated that Manley "could not bend, lift, sit, or stand for long periods of time or walk for extended periods." Tr. 461. The plaintiff argues this should have been given more weight.

In general, an ALJ should accord "more weight to medical opinions from [a claimant's] treating sources, since these sources are likely to be the medical professionals most able to provide a detailed longitudinal picture of a claimant's medical impairments." *Woods v. Berryhill*, 888 F.3d 686, 695 (4th Cir. 2018). An ALJ has the discretion to find one medical opinion more persuasive than another. *Id.* at 696. When there is a substantial conflict in the medical evidence, it is important that the ALJ explain his or her reasoning. *Id.* at 695. Specifically, federal regulations highlight the importance of "supportability" and "consistency" of medical opinions. See 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3) (emphasis on medical signs and laboratory findings that support the opinion); 20 C.F.R. §§ 404.1527(d)(4), 416.927(d)(4) (emphasis on consistency of opinion with record as a whole).

5

Plaintiff points to notes PA-C Davis took while examining Manley in October 2019 ("October notes"). These October notes stated that Manley "could not bend, lift, sit, or stand for long periods of time or walk for extended periods." Tr. 461. Plaintiff argues that these October notes should have been given greater weight.

"The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) the more persuasive the medical opinions will be." 20 C.F.R § 404.1520c. Davis never defined what she meant by "long" or "extended" periods of time. In addition, Davis recorded reduced range of motion in Manley's back. Tr. 460. The ALJ noted that Davis never explained how finding a reduced range of motion in Manley's back led Davis to find that Manley could not sit, stand, or walk for prolonged periods. Tr. 40. Thus, the ALJ appropriately found her opinion unpersuasive because it was "vague, not expressed in vocationally relevant terms, and are offered without explanation or citation to objective findings or clinical signs." Tr. 40.

An ALJ may consider a medical opinion less persuasive if it is inconsistent with other medical evidence. See 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3). The ALJ found the October notes were internally inconsistent. Tr. 40. For example, after finding Manley "could not bend, lift, sit, or stand for long periods of time or walk for extended periods," Davis recorded that Manley was "in no acute distress" and was not suffering from any edema. Tr. 459–60.

This Court expresses no opinion about how the conflicting medical opinions should have been resolved because "we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). The medical evidence was conflicting, but the ALJ appropriately resolved issues in the conflicting evidence and adequately explained his RFC finding.

6

## II. The ALJ had no duty to re-contact Dr. Abel and PA-C Davis

Plaintiff counters that, to the extent the opinion is vague or inconsistent, the ALJ's had a duty to "re-contact" Dr. Abel and PA-C Davis to clarify any vagueness or inconsistencies. DE 17 at 11. Plaintiff cites no authority to support the claim that an ALJ must follow up with a medical professional to clarify a vague or inconsistent opinion.

An ALJ has a duty to explore all relevant facts, inquire into the issues necessary for adequate development of the record, and make findings about what the record shows, but it is the claimant who bears the burden of establishing entitlement to benefits. *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. §§ 404.1512(a), 404.1520b; *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). Moreover, the ALJ's duty to develop the record "does not permit a claimant, through counsel, to rest on the record—indeed, to exhort the ALJ that the case is ready for decision—and later fault the ALJ for not performing a more exhaustive investigation." *Honeycutt v. Kijakazi*, No. 5:20-CV-438-RJ, 2022 WL 708523, at *9 (E.D.N.C. Mar. 9, 2022) (citing *Maes v. Astrue*, 522 F.3d 1093, 1097 (10th Cir. 2008).

Here, plaintiff's counsel had the opportunity to supplement the record. At the close of the hearing, the ALJ offered to hold the record open for plaintiff to submit outstanding medical evidence. Tr. at 83–84. Plaintiff's counsel declined. Tr. at 84. The ALJ need not carry Manley's burden for her.

## III. Any misconstruction of Manley's testimony is irrelevant

Plaintiff argues that the ALJ "misconstrued" Manley's testimony regarding her earnings at the end of 2019 and that "[i]f the ALJ would have determined that Plaintiff was disabled at any point, this misconstruction would have been harmful to Plaintiff." DE 17 at 16. Manley was

7

unharmed because the ALJ found substantial evidence that plaintiff was not disabled. Therefore, the alleged injury is hypothetical and does not warrant remand.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that the decision is supported by substantial evidence, and the correct legal standard was applied. Accordingly, plaintiff's motion for judgment on the pleadings [DE 16] is DENIED, and defendant's motion [DE 19] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this 29 day of September, 2022.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE